UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA CRAWFORD, and
ELIZABETH HOLLON,
    Plaintiffs,

v.                                          Case No. 3:25-cv-737-WWB-MCR

CIVIL AIR PATROL, INC. and
JOSHUA KARSTEN WELCH,
    Defendants.
_____/

**DEFENDANT JOSHUA KARSTEN WELCH'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant, Joshua Karsten Welch ("Welch"), by counsel, answers the First Amended Complaint as follows. To the extent any allegation is not expressly admitted herein, it is denied.

## I. GENERAL DENIALS AND RESPONSES

1. Welch denies the allegations of paragraph 1. He specifically denies that he committed any "battery" or sexual misconduct alleged therein.

2. Welch denies paragraph 2 to the extent it alleges wrongdoing by Welch; he is without knowledge as to Plaintiffs' legal characterizations directed at Civil Air Patrol, Inc. ("CAP") and therefore those characterizations are denied.

3. Welch denies paragraph 3.

4. Welch admits that the pleading purports to assert multiple counts; he denies any liability to Plaintiffs and denies all factual allegations against him.

5. Welch admits that the pleading references two time frames; he denies the allegations of wrongdoing in paragraph 5 and denies paragraph 6.

6. Welch denies paragraph 7.

7. Welch denies paragraph 8.

**Jurisdiction, Venue, and Parties**

8. Welch admits that Plaintiffs purport to invoke federal jurisdiction as stated in paragraphs 9–13; he denies any allegation of liability.

9. Welch admits personal jurisdiction and venue as alleged in paragraph 14 and paragraph 29 to the extent they assert he is a Florida resident and that venue is alleged in this District; he denies all remaining allegations.

10. Welch is without knowledge as to the specific corporate allegations regarding CAP in paragraphs 19–26 and therefore denies them; he admits only that CAP is alleged to be a federally chartered nonprofit and auxiliary to the USAF.

11. Welch admits the allegations of paragraph 27 that he is an adult resident of Duval County, Florida and is sui juris. Defendant Joshua Karsten Welch is an adult resident of Duval County, Florida, and is sui juris

**Factual Allegations**

12. Welch is without knowledge as to paragraphs 15–18, 28–31, and therefore denies them.

13. Welch admits that he was a CAP cadet as alleged in paragraph 32; he denies any misconduct. Welch was also a member of the Civil Air Patrol cadet program and participated in the same squadron as Cadet Hollon

2

14. Welch admits he resided as a guest at the Crawford home during part of 2020–2021 as alleged in paragraph 33; he denies all allegations of abuse or battery in paragraphs 34–39, 40–47, and otherwise demands strict proof thereof.

15. Welch admits that a CAP encampment occurred on or about July 2022 at Camp Blanding and that both he and Hollon were cadets; he denies the allegations of misconduct in paragraphs 48–61 and 81–97, 100–107, 109–121, 123–171, except he admits the State Attorney's Office filed a battery prosecution referenced in paragraph 71 and denies any criminal liability or wrongdoing. On or about July 16, 2022, Cadet Hollon was participating in a CAP encampment at Camp Blanding in Clay County, Florida Welch was acting as night watch cadre during the encampment, according to the allegations. The pleading alleges that Welch took non-consensual photograph(s) and showed them to other cadets, which Welch denies. The pleading alleges that CAP leadership responded and that Col. Luis Negron deleted photograph(s) from Welch's phone, which Welch denies as characterized and demands strict proof.

16. Welch is without knowledge regarding CAP's internal regulations, procedures, reporting, investigations, or alleged actions toward Plaintiffs and therefore denies paragraphs 72–80, 81–100, 101–171, 172–264 to the extent they concern CAP, reserving all rights against any suggestion of vicarious or derivative liability.

**Counts Against CAP (Counts I–XI)**

17. No response is required by Welch to Counts I–XI as they are directed solely to CAP; to the extent any allegation within Counts I–XI purports to assert facts against Welch, those are denied.

**Counts Against Welch (Counts XII, XIII, XVI, XV)**

18. Count XII (Battery—December 2021): Welch denies paragraphs 265–270 and denies that Plaintiff is entitled to any relief against him.

19. Count XIII (False Imprisonment—December 2021): Welch denies paragraphs 271–276 and denies that Plaintiff is entitled to any relief against him.

20. Count XVI (Battery—July 16, 2022): Welch denies paragraphs 277–283 and denies that Plaintiff is entitled to any relief against him.

21. Count XV (Intentional Infliction of Emotional Distress—conduct attributed to Welch): Welch denies paragraphs 284–288 and denies that Plaintiff is entitled to any relief against him.

**Prayer for Relief**

22. To the extent Plaintiffs' Prayer for Relief seeks any relief from Welch, it is denied.

**II.   AFFIRMATIVE DEFENSES**

**First Affirmative Defense (Failure to State a Claim)**

1. One or more counts asserted against Welch, including Counts XII, XIII, XVI, and XV, fail to state a claim upon which relief can be granted because the

4

allegations are conclusory, internally inconsistent, or otherwise insufficient under applicable pleading standards.

**Second Affirmative Defense (Statute of Limitations)**

2. Plaintiffs' claims against Welch are barred in whole or in part by applicable statutes of limitation to the extent any alleged acts fall outside the limitations periods.

**Third Affirmative Defense (Consent)**

3. As to any alleged contact outside the claimed December 2021 and July 2022 incidents, Plaintiffs' claims are barred, in whole or in part, by consent; Welch expressly denies any non-consensual conduct.

**Fourth Affirmative Defense (Comparative Fault/Mitigation)**

4. Plaintiffs failed to mitigate damages, and any recovery must be reduced by comparative fault and the failure to take reasonable steps to avoid or minimize harm.

**Fifth Affirmative Defense (Privilege/Justification)**

5. Any physical contact that may have occurred during CAP activities was privileged, incidental, or otherwise justified under the circumstances and not tortious.

**Sixth Affirmative Defense (Lack of Causation)**

6. Plaintiffs' alleged injuries and damages, if any, were not proximately caused by any act or omission of Welch, but resulted from independent, superseding, and/or intervening causes, including acts or omissions by third parties and/or CAP.

**Seventh Affirmative Defense (Unclean Hands/Equitable Defenses)**

7. Plaintiffs' claims for equitable or discretionary relief are barred, in whole or in part, by unclean hands, estoppel, waiver, and/or laches.

**Eighth Affirmative Defense (Good Faith/No Outrageous Conduct)**

8. As to Count XV, Welch did not engage in extreme and outrageous conduct as a matter of law, acted in good faith, and did not intend or recklessly cause severe emotional distress.

**Ninth Affirmative Defense (Punitive Damages Bar/Limitations)**

9. Plaintiffs are not entitled to punitive damages from Welch; punitive damages are barred or limited by law and Plaintiffs cannot establish the requisite clear and convincing evidence of intentional misconduct or gross negligence.

**Tenth Affirmative Defense (Due Process—Vagueness/Overbreadth of Allegations)**

10. The allegations are vague and overbroad, depriving Welch of fair notice; the pleading fails to separate claims and facts with sufficient particularity, prejudicing Welch.

**Eleventh Affirmative Defense (Setoff/Apportionment)**

11. Any award must be reduced by setoff for settlements or recoveries and apportioned among responsible parties based on comparative fault and responsibility.

**Twelfth Affirmative Defense (No Agency/No Scope)**

12. To the extent Plaintiffs seek to attribute acts to Welch under CAP roles or to impose vicarious responsibility to enhance damages, Welch denies he acted

within any scope that would render otherwise private conduct actionable as alleged.

**Thirteenth Affirmative Defense (Rule 8 and 10 Noncompliance)**

13. The First Amended Complaint impermissibly incorporates large blocks of allegations into multiple counts and contains redundant, immaterial matter; Welch reserves the right to seek a more definite statement or strike.

**RESERVATION OF RIGHTS**

Welch reserves the right to assert additional defenses, crossclaims, or counterclaims as discovery progresses.

**DEMAND FOR JURY TRIAL**

Welch demands trial by jury on all issues so triable.

**WHEREFORE;** Defendant Joshua Karsten Welch respectfully requests that the Court:

    (a) dismiss the claims against him with prejudice;

    (b) enter judgment in his favor and against Plaintiffs on all counts asserted against him;

    (c) tax costs in his favor; and

    (d) grant such other and further relief as the Court deems just and proper.

**DATED:** December 29, 2025.

    Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. FIRST AVENUE
MOUNT DORA, FL 32757

7

T: (352)-455-2928

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Anthony F. Sabatini*