**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISON**

CYNTHIA CRAWFORD and
ELIZABETH HOLLON,
    Plaintiffs,

    v.

CIVIL AIR PATROL, INC. and
JOSHUA KARSTEN WELCH,

    Defendants.

CASE NO.   3:25-cv-737-WWB-MCR

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs CYNTHIA CRAWFORD and ELIZABETH HOLLON ("Plaintiffs"), by and through their undersigned counsel, respectfully move this Honorable Court for leave to file a Second Amended Complaint in this action pursuant to Fed. R. Civ. P. 15(a)(2).

## MEMORANDUM OF LAW IN SUPPORT

### I.    PROCEDURAL HISTORY

This action was filed on June 30, 2025 against Defendant CAP (Doc. 1). Plaintiffs thereafter filed their First Amended Complaint ("FAC"), adding Welch as a Defendant (Doc. 12).

On December 26, 2026, Defendant Welch filed an Answer to the FAC.  (Doc. 22). An Amended Answer was filed by Welch on December 29, 2026 (Doc. 25).

On December 15, 2025, CAP moved to dismiss the First Amended Complaint (Doc. 21).  Plaintiffs filed a Response in Opposition on January 5, 2026 (Doc. 26).  On March 27, 2026, CAP's Motion to Dismiss was stricken by the Court with permission to refile (Doc. 28).  CAP's Motion to Dismiss was refiled on March 30, 2026 (Doc. 30) and

Plaintiff's Response in Opposition was filed on April 8, 2026 (Doc. 31).

## II.    SUMMARY OF THE RELEVANT FACTS

This action arises from the battery and production of child sexual abuse material of minor Cadet Elizabeth Hollon by Defendant Welch while both were cadets in CAP, as well as CAP's subsequent institutional cover-up, retaliation, gender-based discrimination and negligence.

After reviewing and researching Defendant CAP's motion to dismiss the First Amended Complaint (Doc. 30), Plaintiffs have conceded that the § 1983 claims should be removed in their entirety and that the breach-of-contract allegations (Counts VI and VII) should be strengthened to more clearly allege the contractual relationship.

## III.    ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of … undue delay, bad faith or dilatory motive on the part of the movant … undue prejudice to the opposing party by virtue of allowance of the amendment … the leave sought should, as the rules require, be 'freely given.'") The Supreme Court has emphasized that amendments should be permitted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Id.*

The proposed amendments are narrowly tailored and are limited to removing the § 1983 claims in their entirety (benefiting Defendant CAP) and strengthening the breach-of-contract allegations (Counts VI and VII) to address the specific pleading deficiencies identified by Defendant CAP in its motion to dismiss (Doc. 30). No new claims or

substantive factual allegations are being added to the Complaint except as it relates to curing the identified deficiencies in the contract counts. The amendments will promote judicial efficiency by ensuring the Complaint is properly focused, avoiding the need for a judicial ruling on matters that the parties can agree upon, and allowing the remaining claims arising from the same operative facts to proceed on the merits.

There is no undue delay, as this case is in its early stages with no answer filed by CAP and no discovery conducted beyond initial disclosures. Neither Defendant will suffer any prejudice, as the changes do not alter the core allegations but merely clarify the claims at issue and cure the pleading issues Defendant CAP itself identified. Finally, the amendments are not futile, as the revised breach-of-contract counts now directly address Defendant CAP's arguments and state viable claims supported by the complaint's factual allegations.  Ideally, such an amendment will cure the stated pleading deficiencies so that the parties can proceed in discovery on the operative pleading.

## CONCLUSION

WHEREFORE, Plaintiff moves this Honorable Court for leave to file a Second Amended Complaint within seven days.

## LOCAL RULE 3.01(g) CERTIFICATION

I, Lisa D. Haba, certify that I have conferred via telephone and email with opposing counsel for Defendant CAP and he does <u>not</u> consent to this motion.

I, Lisa D. Haba, certify that I have conferred via email with opposing counsel for Joshua Welch and he has no objection to this motion.

## CERTIFICATION RE. USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

I, Lisa D. Haba, certify that I did not use generative AI in the drafting of this filing.

3

Dated: <u>April 9, 2026</u>                    */s/ Lisa D. Haba*
                                              **Lisa D. Haba** (FBN: 0077535)
                                              **Maria E. Bryant** (FBN: 0055332)
                                              The Haba Law Firm, P.A.
                                              1220 Commerce Park Dr., Ste. 207
                                              Longwood, FL 32779
                                              T: (844) 422-2529
                                              E-mail: lisahaba@habalaw.com
                                              E-mail: mariabryant@habalaw.com