UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CYNTHIA CRAWFORD, et al.,

Plaintiffs,

v. CASE NO. 3:25-cv-737-WWB-SJH

CIVIL AIR PATROL, INC., et al.,

Defendants.

_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion"), Doc. 32, and the response in opposition thereto ("Response"), Doc. 34, filed by Civil Air Patrol, Inc. ("CAP"). For the reasons herein, the Motion is due to be granted.

Plaintiffs have previously amended their pleading once as a matter of course and do not have Defendants' written consent to amend. Thus, they may amend their pleading only with leave of the Court. *See* Fed. R. Civ. P. 15. Rule 15 of the Federal Rules of Civil Procedure ("Rule(s)") provides that the Court "should freely give leave when justice so requires." *Id.*

Under Rule 15, a court must "freely give leave to amend unless there is an 'apparent or declared reason' to do otherwise"; such reasons can include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Novo Nordisk,*

*Inc. v. Live Well Drugstore, LLC*, No. 3:23-cv-808-TJC-PDB, 2024 WL 3345334, at *1 (M.D. Fla. July 9, 2024) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also My Energy Monster, Inc. v. Gawrych*, No. 8:20-cv-2548-MSS-AEP, 2021 WL 2964065, at *1 (M.D. Fla. Mar. 25, 2021). This is a liberal standard. *See Novo Nordisk,* 2024 WL 3345334, at *1. It embodies a strong public policy favoring amendments. *See Real Est. Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-cv-1045-ORL-GJK, 2012 WL 12903886, at *2 (M.D. Fla. Feb. 16, 2012).

Applying the liberal standard for amendment, the Motion is due to be granted. *See Novo Nordisk,* 2024 WL 3345334, at *1. Plaintiffs, in response to CAP's arguments made in an earlier motion to dismiss, seek to amend their pleading to remove all claims under 42 U.S.C. § 1983 and provide additional allegations intended to strengthen the contract claims. Doc. 32 at 2.[1] CAP opposes this amendment based only on alleged futility. *See* Doc. 34. CAP contends that the proposed amended pleading fails for reasons similar to those set forth in the pending motion to dismiss the existing pleading and for additional reasons relating to the propriety of exercising supplemental jurisdiction following removal of the § 1983 claims. *See id.*; *see also* Doc. 30.

The Court need not reach such issues on futility at this time. Upon review, the argued futility matters are better addressed on a renewed motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment. *See Novo Nordisk*,

[1] The Motion does not seek to amend any claims against Defendant Welch, *see* Doc. 32 at 2, who has not responded to the Motion and is thus deemed not to oppose it. *See* Local Rule 3.01(d) ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

2024 WL 3345334, at *1 ("This order makes no ruling on futility—a matter better addressed with adversarial briefing on a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment."); *see also Fruits-Giddings S.A. de C.V. v. Always Fresh Farms, LLC*, No. 8:20-cv-2875-MSS-TGW, 2021 WL 12299456, at *2 (M.D. Fla. Nov. 29, 2021) ("Leave to amend is also justified under Rule 15. Counterclaim-Defendants raise a futility argument in opposition . . . . However, the Court finds that this argument would be more appropriately addressed in a renewed motion to dismiss or a motion for summary judgment."); *Gawrych*, 2021 WL 2964065, at *2 (allowing amendment and explaining that defendant's "arguments raise issues that would more appropriately be addressed in a renewed motion to dismiss"); *Real Est. Indus. Sols.*, 2012 WL 12903886, at *2 (allowing amendment and concluding that "issues of pleading sufficiency . . . are better dealt with in fully briefed motions to dismiss or motions for summary judgment").

For these reasons, and applying Rule 15's liberal standard, Plaintiffs' request to file a second amended complaint is due to be granted.

Accordingly, it is **ordered** that the Motion, Doc. 32, is **granted**. Plaintiffs shall file their second amended complaint on or before **August 31, 2026**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 21, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record